UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JANE LYONS, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | **06-2875 (NLH)** |
| | : | |
| v. | : | |
| | : | **OPINION** |
| NEW JERSEY DEPT. OF | : | |
| TRANSPORTATION, et al., | : | |
| | : | |
| Defendants. | : | |

**Appearances**:
JANE LYONS
RR#1 BOX 714
154 FOLWELL STATION ROAD
JOBSTOWN, NJ 08041
*Pro Se Plaintiff*


ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY
    BY: JOSEPH M. MICHELETTI
        DEPUTY ATTORNEY GENERAL
R.J. HUGHES JUSTICE COMPLEX
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625
*Attorney for Defendants New Jersey Dept. of Transportation, et al.*

**HILLMAN, District Judge**

   This matter comes before the Court upon defendants New Jersey Department of Transportation, Michael Seigfried, Jeffrey Palmer, Joseph Sacco, Ronald Maruca, Albert Malatesta, and Paul

Hoffman's motion to dismiss.[1]  Plaintiff's complaint, filed pro se, alleges discrimination on the basis of race and sex by her employer.  The issue before the Court is whether the moving defendants are entitled to sovereign immunity.

For the reasons stated below, Defendants' motion is granted in part and denied in part.  With the exception of Count 2, all claims against the New Jersey Department of Transportation and all claims for damages against the named defendants sued in their official capacities are dismissed.

## JURISDICTION

As Plaintiff alleges violations of her federal civil rights, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

## BACKGROUND

Plaintiff Jane Lyons ("Plaintiff") has been an employee of the New Jersey Department of Transportation ("NJ DOT") since

---

[1] The motion to dismiss lists as movants the New Jersey Department of Transportation ("NJ DOT"), Michael Siegfried, Jeffrey Palmer, Joseph Sacco, Ronald Maruca, Albert Malatesta, and Paul Hoffman (collectively, "named movants").  However, the brief in support of this motion argues only that NJ DOT and its alter egos are entitled to sovereign immunity.  This Court construes the motion to dismiss as seeking dismissal of claims against the NJ DOT and against the named movants in their official capacities only.

1979.  She currently holds the position of Senior Engineer in the Division of Construction, Region South.  She is African-American.

Plaintiff's complaint alleges racial and sexual discrimination in the workplace.  It also alleges retaliation for Plaintiff's complaints of discrimination.  In the complaint, Plaintiff listed multiple federal and state law causes of action.  She seeks compensatory and punitive damages, attorney's fees[2], and an injunction giving her a promotion and preventing her from being supervised by any of the named defendants.

Plaintiff has named as defendants NJ DOT, David Sichik, Michael Seigfried, Charles Young, Jeffrey Palmer, Joseph Sacco, Ronald Maruca, Arthur Marchione, Vince Baglivo, Albert Malatesta, Paul Hoffman, and William Mullowney.  The individual defendants are current or former employees of NJ DOT.  Plaintiff has sued the individual defendants in both their official and their individual capacities.

Defendants NJ DOT, Palmer, Maruca, Seigfried, Sacco, Hoffman, and Malatesta have moved to dismiss on the grounds of sovereign immunity.  They argue that they are immune from suit in federal court under the Eleventh Amendment of the U.S. Constitution.

---

[2] Plaintiff was represented briefly by David Jacoby, Esq. However, this Court granted Mr. Jacoby's motion to withdraw as counsel on February 8, 2008.

**DISCUSSION**

The constitutional foundation for the doctrine of sovereign immunity lies in the Eleventh Amendment.  This amendment protects a state from being sued in federal court by any citizen.  See U.S. Const. amend. XI, Hans v. Louisiana, 134 U.S. 1, 15, 10 S.Ct. 504, 33 L.Ed. 842 (1890).  It also protects from suit certain state entities and actors in whose legal rights the state has a financial interest.

A state entity or actor is generally entitled to sovereign immunity if a judgment against the defendant would be paid by the state.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).  Thus, the New Jersey Department of Transportation has been held to be immune from suit in federal court.  See, e.g., Red Star Rowing & Transp. Co. v. Dept. of Transp. of the State of New Jersey, 423 F.2d 104, 105 (3d Cir. 1970); Citizens' Committee for Environmental Protection v. United States Coast Guard, 456 F. Supp. 101, 112 (D.N.J. 1978).  State officers sued for damages in their official capacities are also generally entitled to sovereign immunity.  Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

Nonetheless, a defendant otherwise entitled to sovereign immunity may be sued in federal court in one of three circumstances.  First, a state's waiver of sovereign immunity in the federal courts subjects state defendants to suit.  See, e.g.,

Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985).  Second, Congress may abrogate sovereign immunity through legislation enacted pursuant to its powers under § 5 of the Fourteenth Amendment.  Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976).  Third, a plaintiff may sue a state officer in his official capacity for prospective injunctive relief, or in his individual capacity for damages.  See Ex Parte Young, 209 U.S. 123, 155-56, 159-160, 28 S.Ct. 441, 52 L.Ed. 714 (1908); Edelman v. Jordan, 415 U.S. at 667-68 (1974); Kentucky v. Graham, 473 U.S. at 165-66 (1985).

In this case, the State of New Jersey has never waived immunity to suit in federal court.  See, e.g., Garcia v. The Richard Stockton College of New Jersey, 210 F. Supp. 2d 545, 549-550 (D.N.J. 2002).  The first exception to Eleventh Amendment sovereign immunity is therefore inapplicable.  However, the second and third exceptions do apply in this case.

### A.  Claims Against NJ DOT and Claims Against Named Movants, In Their Official Capacities, For Damages

The NJ DOT is generally entitled to sovereign immunity under the Eleventh Amendment.  See, e.g., Red Star Rowing & Transp. Co. v. Dept. of Transp. of the State of New Jersey, 423 F.2d 104, 105 (3d Cir. 1970).  So, therefore, are NJ DOT officials sued for

damages in their official capacities. However, these Defendants are not immune from claims brought pursuant to statutes in which Congress has explicitly abrogated sovereign immunity.

Plaintiff's complaint specifies several causes of action. These include "Hostile Work Environment" (Count 2); "State Constitutional Claim" (Count 3); "Federal Constitutional Claim" for violations of Plaintiffs' First, Fifth, and Fourteenth Amendment rights (Count 4); "Violation of 42 U.S.C. 1983, 1985, and 1986" (Count 5); N.J.S.A. 10:5-12 (Count 6); and negligent infliction of emotional distress (Count 8).[3] The complaint also alleges violations of the "Conscientious Employee Protection Act," N.J.S.A. 34:19-1 et seq., and the "Violence in the Workplace Policy," presumably an internal policy of the NJ DOT. See Complaint, p. 5.

The NJ DOT and the named movants, sued in their official capacities for damages, are entitled to sovereign immunity with respect to any claim for which Congress has not explicitly abrogated this immunity. Thus, these Defendants are immune from suit for claims brought under the New Jersey Constitution (Count 3); the United States Constitution (Count 4); 42 U.S.C. §§ 1983,

---

[3] Count 1 does not assert any claim and would be better characterized as a recitation of facts. Count 7 does not allege a separate claim, but rather states that this Court has supplemental jurisdiction over Plaintiff's state law claims.

1985, and 1986 (Count 5)[4]; N.J.S.A. 10:5-12 (Count 6); New Jersey tort law (Count 8); N.J.S.A. 34:19-1 et seq.; and the "Violence in the Workplace Policy."

However, these Defendants are not entitled to sovereign immunity on the claim listed in Count 2, "Hostile Work Environment," which the Court construes as a claim under Title VII of the Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C. § 2000e et seq.[5] In enacting the 1972 amendments to Title VII, Congress specifically abrogated the states' immunity to suit in federal court. See Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). Therefore, the movants are not entitled to sovereign immunity for claims brought under Title VII.

---

[4] See Will v. Michigan Dept. of State Police, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

[5] The Complaint does not list Title VII as a cause of action; Plaintiff first cites the statute in her opposition brief. However, "[the court must] apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Holley v. Dep't of Veteran Affairs, 165 F.3d 244 (3d Cir. 1999) (citing Small v. Lehman, 98 F.3d 762, 766 (3d Cir. 1996)[overruled on other grounds by City of Boerne v. Flores, 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997)], Lewis v. Attorney General of United States, 878 F.2d 714, 722, n. 20 (3d Cir. 1989)). Plaintiff's complaint alleges workplace discrimination and harassment on the basis of race and sex, a hostile work environment, and retaliation for having complained of such discrimination. Claims of these kinds are plainly within the scope of Title VII. Therefore, Title VII is the applicable law, and must be applied. See 42 U.S.C. § 2000e-2.

The motion to dismiss Plaintiff's claims against the NJ DOT and claims for damages against the named movants sued in their official capacities is thus granted in part and denied in part. Counts 3 through 8 are dismissed against NJ DOT in their entirety and against the named movants in their official capacities, to the extent that the Plaintiff seeks damages.

### B.  Claims Against Named Movants In Their Official Capacities For Prospective Injunctive Relief

The Eleventh Amendment does not protect state actors sued in their official capacities to the extent that they are sued for prospective injunctive relief. Edelman v. Jordan, 415 U.S. at 667-68 (1974).  Therefore, Plaintiff's claims against Palmer, Maruca, Seigfried, Sacco, Hoffman, and Malatesta in their official capacities are not barred to the extent that Plaintiff seeks prospective injunctive relief.  Thus, these claims will not be dismissed at this time.

### CONCLUSION

Defendants' motion to dismiss on the basis of sovereign immunity is granted in part and denied in part.  With the exception of Plaintiff's Title VII claim (Count 2), all claims against the New Jersey Department of Transportation and all claims for damages against Palmer, Maruca, Seigfried, Sacco,

Hoffman, and Malatesta, to the extent that these defendants are sued in their official capacities, are dismissed.

                                                  /s/ Noel L. Hillman

                                                  NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey